**Sandi D. SMITH, Plaintiff,**

v.

**FLAGSHIP INTERNATIONAL, a Delaware Corporation, d/b/a Sky Chefs, Defendant.**

**Civ. A. No. CA 3–83–0692–G.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 22, 1985.

vanced by plaintiff.

John W. Walker and Lazar M. Palnick, John W. Walker, P.A., Little Rock, Ark., Samuel Biscoe, Dept. of Agriculture, Austin, Tex., for plaintiff.

David A. Schwarte, Dallas/Fort Worth Airport, Tex., Thomas L. Case, St. Claire & Case, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

Sandi Smith brought this action seeking individual relief under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.*, and individual and class relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (1981). Smith asserts these claims on behalf of herself and all females employed by the defendant since January 1, 1979, who have suffered sex discrimination in the terms and conditions of their employment.

The defendant, referred to herein as "Flagship," moves for partial summary judgment dismissing all of Smith's individual and class claims under Title VII on the ground that these claims are time-barred by section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1).[1] For the reasons stated

---

**1.** The section provides in pertinent part:

If a charge filed with the Commission pursuant to subsection (b) of this section is dis-

below, the court is of the opinion that Flagship is entitled to summary judgment on the class claims but not on Smith's individual claims.

## Factual Background

The events relevant to this motion began on October 1, 1982, when Smith's attorney filed an earlier action in this court. That case, styled *Benita T. Jones v. Flagship International, d/b/a Sky Chefs* and docketed as Civil Action No. 3–82–1611–G, presented claims on behalf of putative nationwide classes of female and black employees of Flagship. Smith was not named as a class representative.

The next significant event, the timing of which is disputed, was the receipt by Smith of her statutory notice of right to sue under Title VII. Flagship contends that the Equal Employment Opportunity Commission ("EEOC") issued and mailed the notice on November 3, 1982, and that Smith received it on November 4, 1982. Smith counters that she first received official notice of her right to sue after March 23, 1983.

Smith filed her complaint initiating the present action on April 21, 1983. Under Flagship's version of the facts, then, Smith brought this suit 167 days after she received her right-to-sue letter from the EEOC. Under Smith's version, however, she brought suit no more than 29 days after the day she received notice.

Meanwhile, on March 24, 1983, Flagship filed in the *Jones* action a motion to dismiss the class allegations from the plaintiff's complaint. The plaintiff therein then, on June 9, 1983, filed a motion for certification of classes of female and black employees of Flagship. The former class, which is relevant to this motion, was alleged to consist of "female employees who are subjected to a discriminatory work environment which includes pervasive practices of sexual harassment, and females who have been denied promotions, equal working conditions and/or have been discharged due to their sex...."

In a memorandum order in *Jones* issued on November 8, 1983, this court denied the motion for class certification and granted the motion to dismiss. The court found the "conclusory assertions" of the plaintiff's affidavits to be insufficient to satisfy the numerosity requirement for class actions found in Federal Rule of Civil Procedure 23(a)(1). Also insufficient was the plaintiff's showing that her personal grievances would be typical of or common to those of the putative class. *See* Fed.R. Civ.P. 23(a)(2) and (3). Finally, the court noted that the plaintiff's counsel had been dilatory in prosecuting the action [2] and that the plaintiff herself must be disqualified from representing the class because of conflicts of interest; [3] therefore, the plaintiff had failed to show that she would adequately represent the class. *See* Fed.R. Civ.P. 23(a)(4).

## I. Plaintiff's Compliance *Vel Non* With the 90-Day Filing Limitation

The first question presented by Flagship's motion for summary judgment is whether a genuine issue exists for trial concerning the timeliness of the filing of Smith's complaint in this court after receipt of her statutory notice of right to sue.

missed by the Commission, ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved....

2. The motion for class certification had been filed more than six months beyond the time allowed for such a motion under Rule 10.2(b) of the Local Rules of this district.

3. One conflict was between the interest of the class and the plaintiff's interest in attorney fees for representing the class (the plaintiff had become of counsel to her own attorney before the suit was filed). The other was between the plaintiff's duty to represent the class and her ethical duty to protect the confidentiality of communications made by Flagship to her when she had served as a fair employment compliance officer for Flagship.

## A. *The Law*

While compliance with the 90-day filing period is not a prerequisite to a federal court's subject-matter jurisdiction under Title VII, such compliance is a statutory precondition to the maintenance of any action under Title VII. *Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1070 (5th Cir.1981); *see Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 592 n. 15 (5th Cir.1981) (*en banc*) (recent decisions of the Fifth Circuit indicate that the 90-day period is "more in the nature of a statute of limitations subject to equitable modification than a jurisdictional prerequisite"); *see also, e.g., Law v. Hercules, Inc.,* 713 F.2d 691, 692–93 (11th Cir.1983) (claim barred where claimant filed suit 91 days after son signed certified mailing receipt for notice of right to sue, even though notice did not come to claimant's attention until "one or two days later"). Dismissal of Title VII claims is proper where the plaintiff fails to meet his or her burden of proving that the complaint was timely filed in court. *Cf. Crawford v. Western Electric Co., Inc.,* 614 F.2d 1300, 1306 (5th Cir.1980) (district court correctly dismissed Title VII claims where plaintiffs offered no proof that they had timely filed complaint with EEOC).

## B. *The Evidence*

In support of her contention that she received no notice of right to sue before March 23, 1983, Smith submits a copy of a "Notice of Conciliation Conference" dated September 14, 1982, and mailed to her by the EEOC. The notice states that the conference was to be held on September 28, 1982, and specifies the time and place and indicates that a copy was sent to her lawyer.

Smith also offers a copy of a letter dated March 17, 1983, from her lawyer to the director of the Dallas EEOC office asking for information concerning whether the EEOC had ever sent Smith her statutory notice of right to sue and stating that his office had no record that such notice had been mailed to or received by Smith.

In addition Smith submits a third letter, this one dated March 23, 1983, and mailed to her lawyer from the EEOC. According to the letter, the EEOC's records reflected that the notice was sent on or about November 3, 1982. The letter also states that the notice "should have been sent by certified mail" but that the EEOC had no certified mail numbers or receipts to prove that the letter had been mailed to Smith. The EEOC had attached to the letter a copy of the right-to-sue notice that the EEOC's records showed was mailed in November 1982. The notice is addressed to Smith and is dated November 3, 1982.

Smith also calls the court's attention to the record to take notice that the complaint in this cause was filed on April 21, 1983.

Finally, Smith attaches to her responsive papers an affidavit supplementing her deposition testimony that she does not remember receiving a notice of right to sue in November 1982. Smith further avers in the affidavit that she does not remember if she received *any* right-to-sue notice other than a copy of the notice sent along with the March 1983 letter to her lawyer.

In its motion for partial summary judgment, Flagship offers various pieces of evidence to show that there is no genuine issue that the EEOC mailed the right-to-sue notice to Smith on November 3, 1982; that Smith received the letter on November 4, 1982; and, therefore, that Smith failed to bring suit within the 90-day period prescribed in Title VII.

First, Flagship points out that the copy of the November 3, 1982, right-to-sue letter indicates on its face that a copy was sent to David A. Schwarte, one of the attorneys for Flagship. Schwarte states in his affidavit that he received his copy of the notice of right to sue on November 5, 1982, in an EEOC envelope postmarked November 3, 1982, and bearing a return receipt number of P204–993–278. Schwarte has submitted as attachments to his affidavit copies of the right-to-sue notice and the envelope.

Second, Flagship submits the affidavit of Wanda Pulliam, a letter carrier for the United States Post Office in Keller, Texas,

which was Smith's town of residence in November 1982. Pulliam's affidavit evinces that she delivered a letter bearing return receipt number P204–993–279 to Smith at her address in Keller on November 4, 1982, and that Smith signed the return receipt in Pulliam's presence. Attached as an exhibit to the affidavit is a copy of the return receipt with a signature purporting to be Smith's. A copy of the same return receipt is also attached to an affidavit by Jean Cain, Postmaster for the United States Post Office in Keller, Texas. This affidavit shows that the receipt is contained in a public register of all certified mail return receipts going through the Keller post office.

Finally, Flagship shows to the court that the return receipt indicates that the letter's ZIP code of origin was 75201. The return address on the November 3, 1982, right-to-sue notice reflects that 75201 is also the ZIP code of the EEOC's Dallas office.

### C. *Analysis*

In considering Flagship's motion for partial summary judgment, this court is aware of its duties to view the movant's summary judgment evidence and the inferences therefrom "in the light most favorable to the party opposing the motion," *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), and to "indulge every *reasonable* inference from [the underlying] facts in favor of the party opposing the motion," *American Telephone & Telegraph Co. v. Delta Communications Corporation,* 590 F.2d 100, 102 (5th Cir.), *cert. denied,* 444 U.S. 926, 100 S.Ct. 265, 62 L.Ed.2d 182 (1979) (emphasis in original).

The initial burden is on the movant to prove that there are no material facts in dispute, *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), not on the opponent to show the contrary, *Long Island Railroad v. New York Central Railroad,* 26 F.R.D. 145, 147 (E.D.N.Y.1960). Once, however, the moving party shows by affidavits or as otherwise provided in Federal Rule of Civil Procedure 56 that it is entitled to summary judgment as a matter of law, the burden then shifts to the opposing party to show by affidavits or otherwise that summary judgment is not appropriate. *Nicholas Acoustics & Specialty Company v. H & M Construction Company,* 695 F.2d 839, 844 (5th Cir.1983).

■ Having considered the evidence on record, the court finds that the evidence raises no genuine issue for trial as to whether Smith received official notice of her right to sue on November 4, 1982. Although the return receipt does not indicate on its face the identity of the sender or the nature of the envelope's contents, the receipt and Wanda Pulliam's testimony together show that Smith received a certified letter on November 4, 1982, one day before Schwarte received a copy of the right-to-sue letter. The return receipt also indicates that the letter that Smith received originated in the EEOC's ZIP code area and that it was the very next item in numerical sequence following the copy mailed to Schwarte. Flagship has met its initial burden of proving that there is no genuine dispute that Smith received her statutory notice on November 4, 1982, and that therefore her April 21, 1983, complaint was untimely.

Smith's offerings, on the other hand, fail to show that summary judgment is not appropriate. *Nicholas Acoustics,* 695 F.2d at 844. None of her documentary evidence contradicts Flagship's showing that she received her notice on November 4, 1982. Smith's affidavit and deposition testimony stating that she cannot remember when, if ever, she received a copy of her right-to-sue letter from the EEOC is also insufficient to rebut the conclusive evidence indicating that she received the letter on November 4, 1982. This purported evidence of her failed memory fails as a showing of "specific facts," FED.R.CIV.P. 56(e), to rebut Flagship's showing of the absence of a genuine issue of fact. *See O'Dowd v. South Central Bell,* 729 F.2d 347, 350 & n. 8 (5th Cir.1984) (plaintiffs failed to produce "specific facts" under Rule 56(e) where one plaintiff testified as to inability to recall

whether he had talked to any of defendant's employees about the reason that his telephone service was disconnected and plaintiffs were otherwise unable to identify the factual basis of allegation of defendant's discrimination against them because they resided in a predominately black and elderly neighborhood); *cf. Posey v. Skyline Corporation,* 702 F.2d 102, 105–06 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983);[4] *Fireman's Insurance Company of Newark, New Jersey v. DuFresne,* 676 F.2d 965, 967–69 (3d Cir.1982) (opponent's denial of knowledge of facts relied on by movant insufficient to defeat summary judgment).

## II. Applicability *Vel Non* of the *Parker* Tolling Rule to Smith's Class Claims

■ Smith argues in the alternative that the filing of the Title VII complaint in the *Jones* case tolled the 90-day limitation period for the filing of both her individual claims and her class claims. She bases her argument on the case of *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), wherein the Supreme Court held:

> We conclude, as did the Court in *American Pipe,* that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certifica-

tion is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

*Id.* at 2397 (citation omitted).

Smith argues for a broad reading of the *Parker* holding, i.e., that the filing of a class action tolls the limitation period for all putative class members to bring their own class actions as well as individual actions. Yet the facts, statement of the issue, holding, and analysis of *Parker* indicate to the contrary.

The plaintiff in *Parker* had filed only an *individual* action after the district court had denied certification of a class of which he was a putative member. The court expressly limited the issue presented in that case to whether asserted members of a denied class would be permitted "to file *individual* actions," *id.* at 2393 (emphasis added), within the time remaining on their limitation periods after the denial of class certification. A close reading of the holding also suggests its restriction to individual actions: " '[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties *had the suit been permitted to continue as a class action.*' " *Id.* at 2397, *quoting American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (emphasis added).

Finally, after concluding that the tolling

---

**4.** The plaintiff in *Posey* alleged that the defendant, his former employer, had failed to post in a conspicuous place notice of its employees' rights under the Age Discrimination in Employment Act and that, therefore, the 180-day period for filing a charge of discrimination with the EEOC should have been tolled. The defendant submitted two affidavits attesting that it had conspicuously posted the ADEA notice in the employees' lunch room. In response, the plaintiff's affidavit averred that he had glanced at the lunch room bulletin board frequently and did not recall ever seeing such a notice. The court held that the plaintiff's affidavit was insufficient to raise a fact issue:

> The affidavits submitted by Skyline Corporation uncontrovertedly indicate that the com-

pany did indeed conspicuously post the requisite notice. *Posey's affidavit merely indicates that Posey never saw the ADEA notice, which is not the same as an averment that the notice was not in fact conspicuously posted.* This is no doubt a very close distinction, but it is one we must draw, especially in light of the strict requirements of Rule 56.... Although it is true that a court should give to the party opposing a summary judgment motion the benefit of all reasonably drawn inferences ..., the mere possibility that a factual dispute may exist, without more, is an insufficient basis upon which to justify denial of a motion for summary judgment.

*Id.* (emphasis added; footnote and citations omitted).

doctrine of *American Pipe* [5] should not be read narrowly to include only intervenors, the court noted that "[t]here are many reasons why a class member, after the denial of class certification, might prefer to bring an *individual* suit rather than intervene." *Id.* 103 S.Ct. at 2395 (emphasis added). There is, then, no ambiguity in the scope of the holding in *Parker*; the tolling rule in *American Pipe* was extended to allow purported class members to bring their own *individual* suits as well as to intervene in the original class action.

Furthermore, even if there were conflicting suggestions in *Parker* that the tolling rule should apply to future *class* actions, this court would be disinclined to give them much weight. The rule advanced by Smith would allow the attorney for a class to revive the class claims upon denial of certification by simply refiling a new class action using a different putative class member as representative. The attorney would be able to bring a potentially endless succession of class actions, each tolling the 90-day rule for its successor. Such a rule would frustrate "[t]he principal purpose of the class action procedure—promotion of efficiency and economy of litigation ...." *Id.*

III. Applicability *Vel Non* of the *Parker* Tolling Rule to Smith's Individual Claims

■ Flagship also contends in its motion for summary judgment that, under the facts of this case, the *Parker* tolling doctrine does not apply even to Smith's individual Title VII claims. It asserts three grounds for denying Smith the protection of the tolling exception: (1) the *Jones* class action was filed in bad faith because the plaintiff therein was manifestly unqualified to serve as a class representative; (2) the *Jones* complaint was filed in bad faith because even though it sought to assert claims on behalf of a nationwide class, the class representative failed to substantiate the claims as to a single locality; and (3) the *Parker* rule should be limited geographically and temporally: tolling should occur only as to individual claims of putative class members who worked at the same Flagship facility as did the class representative (Smith and the *Jones* class representative worked at different facilities), and the limitation period should begin to run again as soon as the class representative misses the deadline for moving for class certification.

The court is not persuaded to adopt any of these grounds. Flagship cites no controlling case law to support its argument. With respect to the first and second grounds, the court does not find such indications of bad faith in the filing of the *Jones* action to compel dismissal of Smith's individual claims. The third ground clashes with the holding in *Parker* that the 90-day period is "tolled for *all members* of the putative class *until class certification is denied.*" *Id.* at 2397 (emphasis added).

It is, therefore, the conclusion of the court that, since Smith received her notice of right to sue after the plaintiff in *Jones* filed a class action in district court, and since Flagship does not deny that Smith is an asserted member of the class of female employees on whose behalf the *Jones* plaintiff brought suit and for which that plaintiff sought certification, and since Smith filed suit in this court within 90 days after certification was denied in *Jones*, Smith's individual claims under Title VII were timely filed.

### Conclusion

For the reasons stated above, the court is of the opinion that partial summary judgment should be granted in Flagship's favor dismissing Smith's class claims under Title VII and that Smith's motion for class certification should be denied for her failure to

---

**5.** The plaintiffs in *American Pipe* filed a federal antitrust class action 11 days before the expiration of the applicable statute of limitations. Eight days after the district court denied class certification, several putative class members moved to intervene. The Supreme Court stated that the filing of the class action "tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 553, 94 S.Ct. at 766.

file suit within 90 days of her receipt of statutory notice of right to sue.

It is therefore ORDERED that Flagship's motion for summary judgment is GRANTED in part and DENIED in part. It is further ORDERED that Smith's class claims under Title VII are DISMISSED with prejudice.