**Sherwin JARMON, Plaintiff,**

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT, et al., Defendants.**

**Civ. A. No. H–91–1344.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 18, 1992.

ORDER

NORMAN W. BLACK, District Judge.

Sherwin Jarmon was a teacher for the Houston Independent School District ("HISD") whose employment was officially terminated on June 2, 1989. Jarmon alleges he was deprived of property and liberty interests without due process of law in violation of the United States Constitution. He also alleges that Defendants violated his first amendment right to free speech. In June 1991, Defendants filed a motion for summary judgment on all Plaintiff's allegations. In view of Plaintiff's difficulties retaining counsel, the Court granted Plaintiff

two extensions of time in which to respond to Defendants' motion. The second deadline has passed and Plaintiff has failed to file a response. The facts set out below are undisputed.

During the 1988–89 school year, Jarmon was employed as a continuing contract teacher for HISD pursuant to section 13.-106 of the Texas Education Code. Jarmon was suspended from teaching in January 1989 with pay, pending an investigation involving allegations that he had verbally and physically abused and sexually harassed his students. On March 17, 1989, Dr. Joan Raymond, as the general superintendent of HISD, notified Jarmon that she would be recommending to the Board of Education that Jarmon be dismissed for "good cause." Pursuant to sections 13.-111(a) and 13.112(a) of the Texas Education Code, Dr. Raymond also informed Jarmon that if he intended to oppose the termination, he would have to do so within 10 days of receiving notice of the termination. Jarmon received notice of termination on March 18, 1989.

On March 29, 1989, Jarmon, through his union representative, requested a hearing before the Board of Trustees. Because Jarmon failed to comply with the 10-day time limit, HISD denied his request for a hearing. On June 2, 1989, the Board issued an order terminating Jarmon. On July 12, 1989, Jarmon filed a petition for review with the Texas Education Agency ("TEA") alleging that the termination and failure to provide a hearing violated the statutes and constitutions of Texas and the United States of America. The Commissioner of Education, who decides all TEA appeals, dismissed Plaintiff's claims, holding that Jarmon waived his right to a hearing by filing an untimely request.

In order to appeal a decision of the TEA, a motion for rehearing must be filed with the Commissioner within 15 days after the decision is rendered. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(e). If a timely motion for rehearing is not filed, the Commissioner's decision becomes final and unappealable. *Id.* at § 16(c). In the event a timely motion for rehearing is filed and subse-

quently denied, the aggrieved party may file a lawsuit within 30 days of the decision. Proper venue for such appeals is Travis County. *Id.* at §§ 16(e) and 19(b).

On June 19, 1990, without having filed a motion for rehearing, Jarmon filed a lawsuit in state district court in Harris County against the defendants named in the lawsuit at hand. In the lawsuit, Jarmon alleged violations of statutes and the constitution of the state based on the Board's failure to provide a hearing. In seeking dismissal, the defendants argued that because Jarmon had never filed a motion for rehearing, the TEA decision had become final and unappealable; the time for appealing the TEA decision had expired; the claims were barred by *res judicata;* and venue was improper in Harris County.

The state district judge in Harris County dismissed Jarmon's lawsuit with prejudice on August 10, 1990. The judge rendered a final judgment in favor of the defendants. Later, Jarmon filed a "first amended petition" in which he alleged federal claims. On May 15, 1991, Jarmon filed this lawsuit in federal court. Defendants seek summary judgment on all Plaintiff's allegations.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Defendants argue that Plaintiff's allegations are barred by the doctrine of *res judicata.* Defendants contend that the subject matter of this lawsuit has already been litigated and that both the TEA and a state district court in Harris County have rendered final judgments against Jarmon.

The doctrine of *res judicata* prevents a party from relitigating claims he has had an adequate opportunity to litigate. *Stevenson v. International Paper Co.*, 516 F.2d 103 (5th Cir.1975). In order to establish that a plaintiff's claims are barred by *res judicata*, a defendant must establish the following four elements: (1) the parties in both suits are identical; (2) the same cause of action was alleged in both suits; (3) the prior judgment on the original claim is final; and (4) the court that issued the final judgment had subject matter jurisdiction. *Dillard v. Security Pacific Brokers Inc.*, 835 F.2d 607, 608 (5th Cir.1988).

In this lawsuit, the defendants are the same as those sued in the state court action. Further, the pleadings reflect that Plaintiff has alleged the same causes of action in this lawsuit as he asserted in the state court action and TEA proceeding. In each petition, Plaintiff presents the same facts, those involving his termination from HISD and the Board's failure to provide him a hearing concerning the decision. The Fifth Circuit Court of Appeals has stated that the proper inquiry for *res judicata* purposes is whether the same facts or transactions underlie the legal theories presented in the cases. *Corpus Christi Taxpayer's Assn. v. City of Corpus Christi*, 858 F.2d 973 (5th Cir.1988), *cert. denied*, 490 U.S. 1065, 109 S.Ct. 2064, 104 L.Ed.2d 629 (1989).

Regarding the finality of the two prior judgments, the evidence shows that Plaintiff's state court lawsuit was dismissed with prejudice on August 10, 1990. The Fifth Circuit Court of Appeals has held that a dismissal with prejudice constitutes a final judgment. *In re Reed*, 861 F.2d 1381 (5th Cir.1988). In addition, because Jarmon failed to timely appeal the Commissioner's action, the TEA decision became binding and final. The Supreme Court has held that when an administrative agency acts in a judicial capacity, a final decision of that agency bars a subsequent action in federal court. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

The final element of *res judicata* is also satisfied. Pursuant to the Texas Education Code, state district courts are empowered to hear properly appealed claims filed by aggrieved teachers. Tex.Educ. Code § 13.115(a). Thus, the state district court in Harris County was competent to hear Plaintiff's cause of action and render a final judgment.

As set out above, the Court finds that Plaintiff's allegations are barred by the doctrine of *res judicata*. It is therefore

ORDERED that Defendants' motion for summary judgment (entry # 5) is GRANTED.