**Larry D. LEE, Plaintiff,**

v.

**The KROGER CO., Defendant.**

Civ. A. No. H–94–889.

United States District Court,
S.D. Texas.

Sept. 15, 1995.

L. Obii Aham–Neze, Aham–Neze & Associates, P.C., Houston, Texas, for plaintiff.

Barbara L. Johnson, Douglas B. Welmaker, Wickliff & Hall, P.C., Houston, Texas, for defendant.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the court is Defendant The Kroger Company's ("Kroger") Motion for Summary Judgment (# 28). Kroger seeks summary judgment on Lee's claims of retaliation. Kroger also contends that Lee's claims of racial discrimination and racial harassment are barred by the doctrine of *res judicata* and Lee's failure to exhaust his administrative remedies.

Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, this court is of the opinion that Kroger's motion for summary judgment should be granted in part and denied in part.

### I. *Background.*

At the time of his termination, Lee was employed by Kroger, a Texas corporation engaged in the retail sale of groceries, at Store Number 230 located at 6835 Spencer Highway, Pasadena, Texas. Lee was originally hired as sacker. He was eventually promoted to the position of Seafood Captain, which was the position he held when his employment with Kroger was terminated.

On May 27, 1993, Ken Henk ("Henk"), a meat supervisor for Kroger, was at Store Number 230 to meet with John Levesque ("Levesque"), General Manager of Store Number 230, and the assistant managers, Scott Trostmann ("Trostmann") and Doug Guerrero ("Guerrero"). After Henk had met with Levesque, Trostmann, and Guerrero, he met with Lee regarding Kroger's policies and procedures in the Seafood Department. Lee, however, attempted to discuss racial problems he felt he was having at Kroger. After this meeting with Lee, Henk inspected the Seafood Department with Lee and Trostmann. While there, an issue regarding Kroger's policy for freezing fish arose. Lee and Henk had a disagreement about this subject in front of customers and other employees

and, at Henk's suggestion, returned to the manager's office to continue their discussion in the presence of Trostmann and Guerrero. Their discussion grew more heated and, according to Kroger, Lee screamed racial epithets and obscenities and ultimately assaulted Henk. Lee, on the other hand, claims that he did not assault Henk, but rather, that Henk made contact with Lee when he blocked Lee's attempt to leave the manager's office. Lee was suspended immediately pending further investigation of the incident and was escorted out of the store by a security officer. Lee's employment with Kroger was terminated by letter dated June 11, 1993.

Prior to this incident and his termination by Kroger, Lee had filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The first charge, number 330910129, alleged racial discrimination and harassment. On May 31, 1991, the EEOC issued a *no cause* determination. Lee's second charge, number 330920841, filed on January 30, 1992, alleged racial discrimination and harassment and also retaliation for filing charge number 33091029. The EEOC issued a no cause determination on November 16, 1992, and Lee received his right to sue letter on December 10, 1992. Lee filed a civil lawsuit in the United States District Court against Kroger on March 25, 1993, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), including racial harassment, racial discrimination, denial of promotion and transfer, and retaliation. That suit, however, was dismissed on July 30, 1993, on final judgment by United States District Judge Ewing Werlein because Lee had not brought his suit within ninety days of receiving the right to sue letter.

On July 15, 1993, Lee filed another charge with the EEOC asserting that Kroger had "indefinitely suspended" him from his job in retaliation for filing two charges with the EEOC and a lawsuit against Kroger. After the EEOC had issued a right to sue letter on December 16, 1993, which Lee received on December 17, he initiated this action on March 14, 1994, alleging racial discrimination, racial harassment, denial of promotions

and transfers, and retaliation for filing charges with the EEOC. Lee is seeking payment for lost wages, as well as compensatory and punitive damages, costs, and attorney's fees. On August 9, 1995, Kroger filed the instant motion for summary judgment on all of Lee's claims.

## II. *Analysis.*

### A. *The Standard for Summary Judgment.*

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir.1988). Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514; *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

### B. *Res Judicata.*

 *Res judicata* " 'bars all claims that were or *could have been* advanced in support

of the cause of action on the occasion of its former adjudication, ... not merely those that were adjudicated.'" *Ocean Drilling & Exploration Co., Inc. v. Mont Boat Rental Serv., Inc.,* 799 F.2d 213, 216 (5th Cir.1986) (quoting *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir.1983) (en banc)) (emphasis in original). *"Res judicata* is designed to ensure the finality of federal judgments in order to encourage reliance on judicial decisions, bar vexatious litigation, and free courts to resolve other disputes." *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 913 (7th Cir.1993) (citing *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979)). Federal law determines the *res judicata* effect of a prior federal court judgment. *Russell v. SunAmerica Secs., Inc.,* 962 F.2d 1169, 1172 (5th Cir.1992); *Meza v. General Battery Corp.,* 908 F.2d 1262, 1265 (5th Cir.1990). The doctrine of *res judicata* bars a subsequent action if the following four requirements are met:

1) the parties of the two suits are identical;

2) there was a final judgment on the merits;

3) the final judgment was rendered by a court of competent jurisdiction; and

4) the same cause of action is involved in both suits.

*Eubanks v. FDIC,* 977 F.2d 166, 169 (5th Cir.1992); *Russell,* 962 F.2d at 1172; *Slaughter v. AT & T Info. Sys., Inc.,* 905 F.2d 92, 93 (5th Cir.1990); *Miller v. United States Postal Serv.,* 825 F.2d 62, 63–64 (5th Cir.1987).

■ The United States Court of Appeals for the Fifth Circuit applies the transactional test to determine whether "two complaints involve the same cause of action." *Agrilectric Power Partners, Ltd. v. General Elec. Co.,* 20 F.3d 663, 665 (5th Cir.1994); *In re Howe,* 913 F.2d 1138, 1144 (5th Cir.1990); *Nilsen,* 701 F.2d at 560. Under the transactional test, "'the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts.'" *Agrilectric Power Partners, Ltd.,* 20 F.3d at 665 (quoting *In re Howe,* 913 F.2d at 1144). If the factual scenario of the two actions are

parallel, then the same cause of action is involved in both complaints. "The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry." *Id.* at 665. Hence, the relevant inquiry is whether the same facts underlie the various legal theories asserted. *Jarmon v. Houston Indep. Sch. Dist.,* 805 F.Supp. 24, 26 (S.D.Tex.1992).

■ In the case at bar, Lee's previous complaint, dismissed by Judge Werlein on July 30, 1993, and his current complaint assert a number of the same operative facts underlying the same causes of action as required by the transactional test. Lee alleged in his dismissed complaint:

> Since August of 1989, I have been subjected to Discrimination, Harassment and Intimidation, by the store manager John Levesque (Kroger Company Store # 230). I have been: 1) Denied promotion 2) Denied transfer 3) Threatening [sic] of termination 4) Retaliation against (for filing charges of discrimination) 5) Layoff for allegations of sexual harassment ... 6) Layoff for attendance (that was not enforced equally on all employees equally) and unjustified write-ups.

Similarly, Lee's current complaint asserts:

> Since August of 1989, during the time that I was with the Kroger Store # 230 they had harassed me, denied me promotions and transfer to other store, they accused me of sexual harassment, constantly unjustly write-up layoff and retaliation for filing against them with EEOC.

Lee has asserted essentially the same claims in his second complaint, although for a longer period of time, as those alleged in his previous complaint and, thus, has fulfilled the same cause of action requirement.

■ Moreover, while the same parties are involved and the court in the prior action is a court of competent jurisdiction, for *res judicata* to apply, the dismissal of Lee's previous suit must have been a final adjudication on the merits.

Title VII provides that:

if the Commission dismisses a charge or if, within 180 days after a charge is filed, the Commission has not filed a civil action, "the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."

*Espinoza v. Missouri Pacific R.R. Co.,* 754 F.2d 1247, 1248 (5th Cir.1985) (quoting 42 U.S.C. § 2000e–5(f)(1)). Thus, a civil action must be filed in district court within ninety days of the receipt of the right-to-sue letter from the EEOC. *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir.1992); *see also Henry v. Gulf Coast Mosquito Control Comm'n,* 645 F.Supp. 1447, 1452 (S.D.Miss.1986). The filing requirements of Title VII, however, are not jurisdictional prerequisites to bringing suit in federal court, but are subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *see also Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152 n. 6, 104 S.Ct. 1723, 1726 n. 6, 80 L.Ed.2d 196 (1984); *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 350 n. 3, 103 S.Ct. 2392, 2396 n. 3, 76 L.Ed.2d 628 (1983); *Nilsen,* 701 F.2d at 562. Although the ninety-day filing requirement is not a prerequisite to a federal court's subject matter jurisdiction, it is a statutory precondition to maintaining a cause of action in federal court, in the absence of extenuating circumstances. *Smith v. Flagship Int'l,* 609 F.Supp. 58, 61 (N.D.Tex.1985) (citing *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1070 (5th Cir. [Unit A] 1981)). ▉▉▉▉ The ninety-day requirement for filing a civil complaint, like all Title VII filing requirements, is treated as a statute of limitations for all purposes. *See Espinoza,* 754 F.2d at 1258 n. 1; *Nilsen,* 701 F.2d at 562. Thus, the dismissal of a Title VII claim is proper where the plaintiff fails to prove that the complaint was filed with the court on a timely basis. *Smith,* 609 F.Supp. at 61. In federal court, dismissals grounded on the statute of limitations are final adjudications on the merits. *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.,* 880 F.2d 818, 819–20 (5th Cir.1989); *Nilsen,* 701 F.2d at 562. Consequently, the dismissal of a

Title VII cause of action based on the failure to file a complaint within the ninety-day period is a disposition on the merits for *res judicata* purposes. *Mills v. Des Arc Convalescent Home,* 872 F.2d 823, 826 (8th Cir. 1989).

In the instant case, it is undisputed that Lee filed his 1993 civil complaint with the district court after the statutory ninety-day filing period had expired. Lee was issued his right to sue letter on December 10, 1992, but he did not file his complaint until March 25, 1993—approximately two weeks late. In order to satisfy the timely filing requirements of Title VII, Lee would had to have filed his complaint with the district court by March 10, 1993. Because the dismissal of Lee's prior suit was due to his failure to file his complaint within the ninety-day statutory period, the dismissal was based on the statute of limitations. Therefore, the dismissal was an adjudication on the merits for purposes of *res judicata. See Mills,* 872 F.2d at 826.

Therefore, all elements of the doctrine of *res judicata* have been satisfied. As a result, all claims of employment discrimination that Lee asserted or could have asserted in his May 25, 1993, lawsuit against Kroger are barred as *res judicata.*

C. *Failure to Exhaust Administrative Remedies.*

▉▉▉▉▉ A Title VII action may not be maintained in federal court until the claimant has sought administrative relief through the EEOC or a comparable state agency. *Love v. Pullman Co.,* 404 U.S. 522, 523, 92 S.Ct. 616, 617, 30 L.Ed.2d 679 (1972); *National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.,* 40 F.3d 698, 711 (5th Cir.1994). An employer must be given an opportunity to resolve an employee's complaints through voluntary compliance or conciliation before the employee may resort to the courts. As the United States Supreme Court noted in *Patterson v. McLean Credit Union:*

In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to

assist in the investigation of claims of racial discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation.

491 U.S. 164, 180–81, 109 S.Ct. 2363, 2374–75, 105 L.Ed.2d 132 (1989) (citing 42 U.S.C. § 2000e–5(b)); *see also Babrocky v. Jewel Food Co.,* 773 F.2d 857, 863 (7th Cir.1985). A Title VII plaintiff may bring a civil action in district court alleging claims of employment discrimination only after exhausting his administrative remedies and obtaining a right-to-sue letter from the EEOC. *Patterson,* 491 U.S. at 180, 109 S.Ct. at 2374. While this requirement is not jurisdictional, it is a condition precedent for maintaining a Title VII action in district court. *Cheek v. Western & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994); *see also Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 460 (5th Cir. 1970). In the Fifth Circuit, the civil complaint may properly include any claims of discrimination that are reasonably related to or could be expected to grow out of an investigation of the allegations contained in the EEOC charge. *National Ass'n of Gov't Employees,* 40 F.3d at 711; *Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 162 (5th Cir.1971).

 In Lee's most recent EEOC charge, he alleges that he was indefinitely suspended from his job as Seafood Captain at Kroger Store Number 230 in retaliation for filing previous EEOC charges and a lawsuit against Kroger. On the charge form, Lee checked the box labeled "Retaliation," while leaving blank the box labeled "Race." He specifically states:

> I believe that I have been discriminated against in retaliation for filing two charges against the company in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of a pending law suit on these complaints.

Nowhere in his charge does Lee allege that he has been discriminated against or harassed because of his race. Similarly, in his affidavit accompanying the charge, Lee recites his version of the events of May 27, 1993, which led to his discharge from employment and subsequent filing of his EEOC charge.

The United States Court of Appeals for the Eighth Circuit, in *Williams v. Little Rock Mun. Water Works,* recently considered a factual scenario that closely resembles that of the instant case. 21 F.3d 218 (8th Cir.1994). In *Williams,* the court found that where the plaintiff had checked off the retaliation box without marking the race box and only asserted facts in support of her retaliation claim in her EEOC charge, she could not raise race discrimination claims in federal court due to her failure to exhaust administrative remedies. *Id.* at 223. Similarly, in this case, none of the facts alleged in his EEOC charge indicates that Lee is complaining of racial discrimination or harassment, nor do they support additional claims of employment discrimination. Thus, Lee's "claims of race discrimination are separate and distinct from [his] claims of retaliation." *Id.* Because Lee set forth only an allegation of retaliation in his EEOC charge, he is precluded from maintaining additional claims of racial discrimination and harassment in the instant lawsuit. *See Anderson v. Lewis Rail Serv. Co.,* 868 F.2d 774, 775 (5th Cir. 1989); *Hoffman v. Boeing,* 596 F.2d 683, 685 (5th Cir.1979).

### D. *Retaliation.*

 Title VII prohibits employers from retaliating against persons who oppose unlawful employment practices. 42 U.S.C. § 2000e–3(a). Retaliation under Title VII is an action taken against an employee by an employer because of the employee's opposition to perceived discriminatory employment practices. *De Anda v. St. Joseph Hosp.,* 671 F.2d 850, 852 n. 1 (5th Cir.1982). To establish a *prima facie* case of retaliation in violation of Title VII, the plaintiff must show:

(1) that he engaged in activity protected by Title VII;

(2) that an adverse employment action occurred; and

(3) that there was a causal connection between his participation in the protected activity and the adverse employment decision.

*Jones v. Flagship Int'l,* 793 F.2d 714, 724 (5th Cir.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 952, 93 L.Ed.2d 1001 (1987); *Hamilton v. Rodgers,* 791 F.2d 439, 441–42 (5th Cir.1986). In order to maintain an action for retaliation, an employee need only establish that he had a reasonable belief that such practices existed. *De Anda,* 671 F.2d at 853 n. 2. In addition, the employee must show that his opposition to unlawful activity was a motivating or determining factor in his termination, *i.e.,* he must demonstrate a causal connection. *Jack v. Texaco Research Ctr.,* 743 F.2d 1129, 1131 (5th Cir.1984); *McMillan v. Rust College, Inc.,* 710 F.2d 1112, 1116 (5th Cir.1983).

■ Because Lee has adduced evidence sufficient to raise issues of material fact with regard to his retaliation claim, Lee may proceed to trial on this cause of action. Lee may recover only for acts of retaliation that occurred on or after September 18, 1992, 300 days prior to the filing of his EEOC charge, the relevant time frame for an action brought under Title VII.

III. *Conclusion.*

Kroger's motion for summary judgment with respect to Lee's claims of racial discrimination and racial harassment is GRANTED. There are no material facts in dispute as to those claims, and Kroger is entitled to judgment as a matter of law. With regard to Lee's claim of retaliation, however, Kroger's motion for summary judgment is DENIED.

IT IS SO ORDERED.