# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 02-50394

(Summary Calendar)
_____

VICTOR A. LUNA,

Plaintiff - Appellant,

versus

LOCKHEED MARTIN CORPORATION,

Defendant - Appellee.

Appeal from the United States District Court
For the Western District of Texas
SA-01-CV-244

October 22, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Victor A. Luna ("Luna") appeals the district court's grant of summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment in favor of Lockheed Martin Kelly Aviation Center ("Lockheed"), dismissing Luna's Title VII discrimination claims. Luna argues that the district court erred because it failed to consider over 100 trial exhibits, and because the EEOC issued him a right-to-sue notice.

We review *de novo* a district court's decision granting summary judgment. *Armstrong v. City of Dallas*, 997 F.2d 62, 65 (5th Cir. 1993).

First of all, the district court properly concluded that Luna's retaliation claim fails as a matter of law. To establish a prima facie case of retaliation under Title VII, Luna must show, among other things, that a causal connection exists between the protected activity and the adverse employment action. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir.), *cert denied*, 522 U.S. 932 (1997). If the decision maker was not aware of any protected activity, there can be no causal connection between the protected activity and any adverse employment action taken by that decision maker. *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999). *See also Corley v. Jackson Police Dep't*, 639 F.2d 1296, 1300 (5th Cir. 1981) ("[A]n employer cannot be guilty of retaliation for an employee's opposition to discrimination unless he is aware of that opposition."). Here, Luna failed to controvert the testimony of Lockheed's Director of Human Resources, who stated in his affidavit that he was solely responsible for the hiring decisions, and that he did not know about Luna's discrimination complaints at the time he declined to offer Luna employment. Because Luna has not submitted any controverting evidence establishing a causal connection between his protected activity and any adverse employment action, it was proper for the district court to dismiss Luna's retaliation claim. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (holding that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of

proof showing an adequate non-discriminatory reason for the employer's action).

Second, the district court properly concluded that Luna's claim based on national origin discrimination fails as a matter of law. Courts have no jurisdiction to consider a Title VII claim, such as national origin discrimination, if the claimant has failed to exhaust all administrative remedies. *Tolbert v. U.S.*, 916 F.2d 245, 247-48 (5th Cir. 1990). A Title VII suit is limited to "the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). Court action cannot encompass facts or issues that do not relate to the subject matter of the EEOC charge. *Id.* Here, in his EEOC charge, Luna failed to mark the box indicating his intention to bring a claim of national origin discrimination. Rather, Luna only checked the box indicating his intention to bring a claim of retaliation. Because Luna did not raise national origin discrimination claim in his EEOC charge, Luna failed to exhaust his administrative remedies as to that claim. Therefore, we conclude that the district court correctly granted Lockheed's motion for summary judgment on Luna's claim of national origin discrimination. *See Robinson v. Rubin*, 77 F. Supp.2d 784, 792 (S.D. Tex. 1999) (granting defendant's motion for summary judgment on claimant's race and sex discrimination claims because, where claimant marked only the box for "retaliation reprisal" on his EEOC complaint, claimant's race and sex discrimination claims would not have fallen within the scope of a reasonable EEOC investigation into claimant's retaliation claims); *see also Lee v. Kroger Co.*, 901 F. Supp. 1218, 1224 (S.D. Tex. 1995) ("Because [claimant] set forth only an allegation of retaliation in his EEOC charge, [claimant] is precluded from maintaining additional claims of racial discrimination and harassment in the instant lawsuit.").

Third, the district court did not err in declining to review Luna's trial exhibits, because it dismissed the underlying cause of action on summary judgment. The district court properly rendered

its decision based on Lockheed's motion for summary judgment, the various responses and replies, and the supporting evidence attached to each summary judgment pleading.

Fourth, for purposes of this appeal, Luna's EEOC's right-to-sue notice is irrelevant. The right-to-sue notice did not in any way decide the legal issues raised by Lockheed's motion for summary judgment, nor did it restrict the district court's authority to rule in Lockheed's favor. *See McClure v. Mexia ISD*, 750 F.2d 396, 400 (5th Cir. 1985) (noting that EEOC determinations and findings do not bind the trier of fact).

The district court's judgment is AFFIRMED.