Philip and Dorothy **KORWEK**, Marty Finkelstein, William L. Cohn, and James G. Williams, Plaintiffs-Appellants,

v.

Nelson Bunker **HUNT**, William Herbert Hunt, Lamar Hunt, International Metals Investment Co., Ltd., Sheik Mohammet Aboud Al-Amoudi, Sheik Ali Bin Mussalem, Faisal Ben Abdullah Al Saoud, Mahmoud Fustok, Naji Robert Nahas, Bache Halsey Stuart Shields, Inc., Bache Group, Inc. (Prudential Bache Securities, Inc.), Merrill Lynch, Pierce Fenner & Smith Inc., ContiCommodity Services, Inc., ContiCapital Management, Inc., ContiCapital Ltd., Norton Waltuch, Melvin Schnell, Gilion Financial, Inc., Banque Populaire Suisse, Advicorp Advisory and Financial Corporation, S.A., Commodity Exchange, Inc., the Board of Trade of the City of Chicago, Donaldson, Lufkin & Jenrette ACLI Futures, Inc., formerly ACLI International Commodity Services, Inc., Litardex Traders, S.A., Walter Goldschmidt, and Continental Grain Co., Defendants-Appellees.

No. 1125, Docket 87–7160.

United States Court of Appeals, Second Circuit.

Argued May 11, 1987.

Decided Aug. 26, 1987.

---

Georgene M. Vairo, New York City (Herbert I. Deutsch, Robert E. Frey, Vincent R. Coffey, Ganine Gambale, Deutsch and Frey, New York City of counsel), for plaintiffs-appellants.

Richard A. Rosen, New York City (Arthur L. Liman, Adina Schwartz, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, of counsel), for defendants-appellees ContiCommodity Services, Inc., ContiCapital Management, Inc. and ContiCapital, Ltd.

David T. Pritikin, Sidley & Austin, Chicago, Ill., of counsel, for defendant-appellee Continental Grain Co.

(Jack C. Auspitz, Parker, Auspitz, Neesemann & Delehanty, P.C., New York City, of counsel), for defendant-appellee Walter Goldschmidt.

Robert Everett Wolin, Shank, Irwin & Conant, Dallas, Tex., of counsel, for defendants-appellees Nelson Bunker Hunt, William Herbert Hunt and Lamar Hunt.

Erskine Henderson, Skadden, Arps, Slate, Meagher & Flom, New York City, of counsel, for defendant-appellee Melvin Schnell.

Richard H. Klapper, Sullivan & Cromwell, New York City, of counsel, for defendant-appellee Bache Halsey Stuart Shields, Inc.

William R. Glendon, Susan A. Garcia, Rogers & Wells, New York City, of counsel, for defendants-appellees Merrill Lynch, Pierce, Fenner & Smith, Inc. and ACLI Intern. Commodity Services, Inc.

Steven J. Glassman, Menachem Z. Rosensaft, Kaye, Scholer, Fierman, Hays & Handler, New York City, of counsel, for defendant-appellee Norton Waltuch.

John P. Wintrol, Robert E. Pokusa, Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, Washington, D.C., of counsel, for defendant-appellee Intern. Metals Inv. Co., Ltd.

Before LUMBARD, PRATT and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

This appeal involves the interplay between the filing of class action suits and the rules for tolling statutes of limitations, and contraposes two time-tested and fundamental policies: the policy favoring the rigid application of statutes of repose and the policy disfavoring the dilution of the potent procedural device established by Federal Rule of Civil Procedure 23.

The events relevant to this appeal began on March 4, 1982, with the filing of a class action suit seeking damages for losses suffered as a result of an alleged conspiratorial manipulation of the silver futures market and the concomitant well-publicized plummet of silver and silver futures prices. *Gordon v. Hunt*, 82–CV–1318 (Lasker, *J*). The class representative in that action, Ronald Gordon, moved to certify a class of all persons who sold silver futures contracts short on the Commodity Exchange, Inc. ("Comex"), the Board of Trade for the City of Chicago ("CBOT"), or the MidAmerica Commodity Exchange, Inc. ("MidAmerica") during the eight-month period from August 7, 1979 through March 26, 1980. On July 19, 1983, the district court certified a narrower class that would be coextensive with class representative Gordon's short position trading activity, both from the perspective of Gordon's three-week period of trading and with reference to the type of contracts and place of trading. Specifical-

ly, the limited class certified consisted of "all persons who: (1) sold silver futures contracts short on Comex ... during the period August 8, 1979 through and including August 30, 1979, and were net short at the end of any trading day during that period; and (2) liquidated any of those short silver futures positions on Comex during the period August 9, 1979 through and including September 4, 1979." The district court decided to limit drastically the scope of the class certified largely because of what it adjudged to be significant problems of manageability and intraclass conflict.

Three months after the district court limited the scope of the class, class representative Gordon moved to expand the class to cover a six-month period from July 2, 1979 through December 21, 1979. In addition, a related motion to intervene pursuant to Federal Rule of Civil Procedure 24(b) was made by four of the five appellants herein, Philip and Dorothy Korwek, Marty Finkelstein, and William L. Cohn. The district court denied these motions, finding that the motion to expand was merely an attempt to reargue the prior class certification motion and that the proposed intervenors could bring "their own plenary suit."

On November 2, 1984, three days after the district court denied the motions to intervene and expand the class, the disappointed intervenors filed the class action complaint which is the focal point of this appeal. *Korwek v. Hunt*, 84–CV–7934 (Lasker, *J.*). The complaint asserts claims virtually identical to those previously asserted in *Gordon v. Hunt* and names nearly all of the same parties as defendants.

By Amendment to Complaint by Stipulation Nunc Pro Tunc filed June 19, 1985, appellant James G. Williams was added as a named plaintiff. The amended complaint, along with raising individual claims, seeks to certify the class of "all persons who sold silver futures contracts short during the period July 3, 1979 through February 26, 1980, who suffered a loss as a result thereof."

On October 24, 1986, the district court granted in part and denied in part defendants-appellees' motion to dismiss the complaint in *Korwek v. Hunt*, concluding that the pendency of the original *Gordon* class certification motion tolled the statute of limitations for the claims brought individually by members of the proposed *Gordon* class but that it did not toll the limitations period for the subsequently filed class claims. ˙646 F.Supp. 953 (S.D.N.Y.1986). The district court further held in an opinion dated December 30, 1986, that the filing of the motion to intervene did not toll the applicable statutes of limitations nor did the date of the filing of the new action relate back to the filing of the intervention motion. Judgment was entered in the United States District Court pursuant to Fed.R.Civ.P. 54(b) as to the dismissed class claims on February 2, 1987. This appeal followed.

## DISCUSSION

The specific question presented on this appeal is a narrow one: whether the tolling rule established by the Supreme Court in its seminal decision, *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), applies to permit the filing by putative class members of a subsequent *class* action nearly identical in scope to the original class action which was denied certification. We hold that it does not, and thereby affirm the district court's judgment dismissing appellants' class claims.

*American Pipe* arose in the context of a civil Sherman Act treble damages action commenced by the State of Utah, and involved an appeal from the denial of the motions to intervene of purported class members following the denial of class certification. The district court had denied class certification for lack of numerosity and had denied as time-barred the motions to intervene. The Court of Appeals reversed, and the Supreme Court affirmed this decision finding that the suit was commenced as to all members of the class the State of Utah purported to represent upon the filing of Utah's complaint. In essence, the Supreme Court held that "the commencement of the original class suit tolls the running of the statute for all purported

members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 553, 94 S.Ct. at 766. The Supreme Court confined its holding to some extent to the facts before it, indicating that its holding applied "at least where class action status has been denied *solely because of failure to demonstrate that 'the class is so numerous that joinder of all members is impracticable.'"* *Id.* at 552–53, 94 S.Ct. at 765–66 (emphasis added).

In the more recent decision of *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), the Supreme Court expanded on the *American Pipe* holding, ruling that the filing of a class action tolls the statute of limitations as to all asserted members of a class whether they choose to *intervene* or file *"individual actions"* following the denial of class certification. *Id.* at 346, 103 S.Ct. at 2394 (emphasis added). In *Crown, Cork,* the Supreme Court sought to afford class members greater flexibility following the denial of class certification while remaining ever vigilant of defendants' need to be put on notice of adverse claims.

> The tolling rule of *American Pipe* is a generous one, inviting abuse. It preserves for class members a range of options pending a decision on class certification. The rule should not be read, however, as leaving a plaintiff free to raise different or peripheral claims following denial of class status.

*Id.* at 354, 103 S.Ct. at 2398 (Powell, J., concurring).

Although *American Pipe* and *Crown, Cork* clarified considerably the question of how statutes of limitations are to be applied in class actions, neither case speaks to the issue before this Court on this appeal: the tolling of statutes of limitations for subsequently filed *class actions.* Moreover, both *American Pipe* and *Crown, Cork* arose in a factual context quite distinct from that herein, thus making an application of their holdings to these facts problematic. In both of those cases, plaintiffs were denied class certification for dispositive reasons indicating unequivocally that a class action suit was inappropriate,

*Crown, Cork,* 462 U.S. at 347–48, 103 S.Ct. at 2394–95 (named plaintiffs inadequate representatives of the class, lack of numerosity and typicality); *American Pipe,* 414 U.S. at 543, 94 S.Ct. at 761 (lack of numerosity); whereas, in the instant action, the district court rendered a definitive determination as to potential manageability problems and intraclass conflicts, but nonetheless certified a narrow class.

This Court likewise never has addressed directly the question on appeal. Appellants cite to this Court's recent decision in *Cullen v. Margiotta,* 811 F.2d 698 (2d Cir. 1987), which applied *American Pipe* to a subsequently filed class action suit. In *Cullen,* the plaintiffs had filed a class action in New York which was dismissed for failure to state a claim and as being inappropriate for class action status. Outside of the applicable limitations period, the same plaintiffs then filed another class action in federal court alleging RICO and civil rights violations. The district court, without considering the applicable statute of limitations, found that the action qualified for class status, applying the requisites of Rule 23(a) and (b). This Court likewise allowed the action to proceed, finding that the statute of limitations was tolled under *American Pipe* based, however, on an analysis of a single issue— whether the state action was sufficiently related to the federal action to warrant invocation of *American Pipe. Cullen,* 811 F.2d at 719–21. Neither the district court nor this Court addressed the question of whether as a general matter the *American Pipe* tolling rule applied to subsequently filed class actions. The issue never was briefed, argued, or decided. Instead, it was assumed *sub silentio* that *American Pipe* applied to subsequently filed class actions. Such a *sub silentio* holding "is not binding precedent," *Brooks v. Flagg Bros.,* 553 F.2d 764, 774 (2d Cir.1977), *rev'd on other grounds,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978), and this panel is not constrained to follow it.

Of the courts that have addressed squarely the specific question before this Court, *see Salazar-Calderon v. Presidio Valley Farmers Ass'n,* 765 F.2d 1334 (5th

Cir.1985), *cert. denied,* 475 U.S. 1035, 106 S.Ct. 1245, 89 L.Ed.2d 353 (1986); *Krinsk v. Fund Asset Management, Inc.,* [1986–1987 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 92,730 (S.D.N.Y. May 1, 1986) [Available on WESTLAW, DCT database]; *Andrews v. Orr,* 614 F.Supp. 689 (S.D.Ohio 1985); *Smith v. Flagship Int'l,* 609 F.Supp. 58 (N.D.Tex.1985); *Burns v. Ersek,* 591 F.Supp. 837 (D.Minn.1984), all have found that the *American Pipe* tolling rule does not apply to permit putative class members to file a subsequent class action. *Salazar-Calderon,* 765 F.2d at 1351; *Andrews,* 614 F.Supp. at 692; *Smith,* 609 F.Supp. at 64; *Burns,* 591 F.Supp. at 842. *Accord Rhoades v. Jim Dandy Co.,* 107 F.R.D. 26, 30 (N.D.Ala.1985) (discusses in dicta policy reasons for not applying *American Pipe* rule to subsequent class actions).

The Fifth Circuit in *Salazar-Calderon* refused to extend the *American Pipe* rule to successive class actions, concluding that "putative class members may [not] piggyback one class action onto another and thus toll the statute of limitations indefinitely." *Salazar-Calderon,* 765 F.2d at 1351. *Salazar-Calderon* presented a unique pattern of events for review. Six named plaintiffs unsuccessfully sought certification for a class of 809 Mexican nationals. Two hundred and fifty-one members of the purported class then filed two class action suits, one alleging violations of federal statutory law and the other alleging causes of action in contract. These suits likewise were denied class certification. After unsuccessfully seeking to intervene as named plaintiffs in the two new actions, 235 members of the putative class filed a separate complaint on behalf of themselves as individuals. As to this individual action, the Fifth Circuit found that the applicable limitations period was tolled for each class member during the pendency of the original motion for class certification, but not while the second motion for class certification was pending. The Court reasoned that "it has repeatedly been noted that 'the tolling rule [in class actions] is a generous one, inviting abuse,' ... and to construe the rule as plaintiffs would have us presents just such dangers." *Id.* (quoting *Crown, Cork,* 462 U.S. at 354, 103 S.Ct. at 2398 (Powell, J., concurring)).

The Southern District of New York in *Krinsk* refused "to broadly read either *American Pipe* or *Crown, Cork* as endorsing an open season on defendants in stale derivative or class actions whenever timely actions by other plaintiffs against the same defendants have been dismissed, limited, or discontinued for whatever reason," especially where the "limitation period would [not] operate to bar individual claims." *Krinsk,* at 93,548. The plaintiff in *Krinsk* filed a shareholder derivative action "on behalf of" the CMA Money Fund, alleging that defendants had caused the Fund to pay excessive compensation. Plaintiff argued that the statute of limitations was tolled during the pendency of two earlier shareholder actions. The district court rejected this argument because of the danger of "an endless succession of representative actions" and because of the fact that tolling would not "induce massive intervention to protect individual claims ... since [in suits brought by private attorneys general] there are no individual claims at stake." *Id.*

In *Smith,* plaintiff attempted to file, outside of the 90–day statute of limitations applicable in Title VII suits, a class action virtually identical to a previously filed class action which was denied certification for lack of numerosity, typicality, and commonality. The district court examined carefully the opinion in *Crown, Cork,* finding there to be "no ambiguity in the scope of [its] holding," and concluded that *Crown, Cork* did not allow for such "a potentially endless succession of class actions, each tolling the [applicable limitations period] for its successor." *Smith,* 609 F.Supp. at 64. In sum, the court found the rule proposed by plaintiff to be antithetical to " '[t]he principal purposes of the class-action procedure—promotion of efficiency and economy of litigation....' " *Id.* (quoting *Crown, Cork,* 462 U.S. at 349, 103 S.Ct. at 2395).

The district court in *Burns* likewise found, after a meticulous study of the *Crown, Cork* opinion, that "the language and reasoning of *Crown, Cork* imply that the [Supreme] Court would not extend the

tolling doctrine to class allegations by putative class members in subsequent suits filed after denial of class certification." *Burns*, 591 F.Supp. 840.

Finally, in *Andrews*, the case most closely analogous to the case on appeal, the district court held "that the statute of limitations is *not* tolled for purposes of initiating a new class action." *Andrews*, 614 F.Supp. at 692 (citations omitted). As in the case at bar, the court had denied class certification as originally requested by the class representative, but had granted certification to a more limited class. The district court dismissed plaintiff Andrews' subsequently filed class action claims, adopting the reasoning of the courts in *Smith* and *Burns* that "perpetual tolling of the statute of limitations by the filing of repeated class actions" is impermissible. *Id.*

While each of these cases arose in a slightly different procedural context, making them distinguishable from each other and, as appellant argues, from the case on appeal, we find the oft-repeated refrain which echoes through these cases compelling: the tolling rule established by *American Pipe*, and expanded upon by *Crown, Cork*, was not intended to be applied to suspend the running of statutes of limitations for class action suits filed after a definitive determination of class certification; such an application of the rule would be inimical to the purposes behind statutes of limitations and the class action procedure.

*American Pipe* and *Crown, Cork* represent a careful balancing of the interests of plaintiffs, defendants, and the court system. Flexibility, notice, and efficiency are the watchwords of these opinions. We are confronted herein with a case which tests the outer limits of the *American Pipe* doctrine and which falls beyond its carefully crafted parameters into the range of abusive options. Appellants filed a complaint alleging class claims identical theoretically and temporally to those raised in a previously filed class action suit which was denied class certification mainly because of overwhelming manageability difficulties. Appellants ignored the district court's express finding that the original action was unwieldy, first when attempting to intervene and expand the limited *Gordon* class, and again when filing, what was essentially a duplicate of the original complaint. The Supreme Court in *American Pipe* and *Crown, Cork* certainly did not intend to afford plaintiffs the opportunity to argue and reargue the question of class certification by filing new but repetitive complaints. The motion for amendment under Rule 23(c)(1), a mechanism which protects scarce administrative resources while ensuring reevaluation of a frequently complex question, provides adequate opportunity for such arguments. While appellants are correct in noting that appellees were apprised fully of the pending adverse claims, this fact alone is insufficient to justify filing a class action of a nature already determined to be unmanageable. This Court notes that it leaves for another day the question of whether the filing of a potentially proper subclass would be entitled to tolling under *American Pipe*.

In sum, we hold that the tolling doctrine enunciated in *American Pipe* does not apply to permit a plaintiff to file a subsequent class action following a definitive determination of the inappropriateness of class certification.

We reject appellants' other arguments as being without merit, and affirm the judgment of the district court.