Robert E. **SCHUR**, et al., **Plaintiffs**,

v.

**FRIEDMAN & SHAFTAN, P.C.,** et al., **Defendants.**

**No. C 87–6174 TEH.**

United States District Court, N.D. California.

Aug. 17, 1988.
As Amended Sept. 14, 1988.
Supplemental Opinion, Sept. 14, 1988.

David B. Gold, P.C., David B. Gold, Paul F. Bennett, Solomon B. Cera, San Francisco, Cal., Law Offices of Woodford G. Rowland, Woodford G. Rowland, San Rafael, Cal., for plaintiffs.

Andrew R. Adler, Boornazian, Jensen, & Garthe, P.C., Oakland, Cal., for Daniel L. Penner and Daniel L. Penner, P.C.

Dan Biles, Gates & Clyde, Chartered, Overlook Park, Kan., for Gary E. Krause, Energy Associates, Inc. and the Wichita Partnership.

A. James Robertson II, Peter J. Busch, James D. Leibson, Howard, Rice, Nemerovski, Canady, Robertson & Falk, a professional corp., San Francisco, Cal., for Friedman & Shaftan, P.C.

James H. Seymour, San Francisco, Cal., for Anvil Corp.

Robert D. Radcliffe, Salt Lake City, Utah, in pro per.

Robert E. Carey, Jr., Daniel S. Gonzales, Carey & Carey, Palo Alto, Cal., for Republic Intern. Corp.

Richard A. Ardoin, Stan G. Roman, Susan K. Alexander, K.T. Cherian, Bronson, Bronson & McKinnon, San Francisco, Cal., Edward R. Curtin, Gersten, Savage, Kaplowitz & Zukerman, New York City, for Richard B. Basile, Manhattan Partnerships, Glenda Exploration and Development.

## ORDER

THELTON E. HENDERSON, District Judge.

This matter comes before the Court on plaintiff Robert E. Schur's (Schur) and Leo-

pold I. Cohen and Sara S. Cohen (Cohens) motions for class certification. After careful consideration of the parties' papers, without oral argument, we hereby certify plaintiff Schur's class against Friedman & Shaftan (F & S); certify plaintiffs Cohens' class against Gary Krause and the other Wichita Partnerships; tentatively dismiss the Cohens' claims against defendant Energy Associates; and certify a class of Barton 1982 investors against defendant Penner. Because we have issued lengthy opinions in this case and in *Roberts v. Heim,* 670 F.Supp. 1466 (N.D.Cal.1987), we will only briefly address the disputed issues in this Opinion.

*1. Schur's Class Certification Motion.*

 Defendant argues that the typicality and adequacy requirements of Fed.R. Civ.P. 23 have not been met. We disagree. Schur is the owner of the White Rim unit. He may be a sophisticated investor, and may have obtained expert advice, but the offering memorandum calls for sophisticated investors and urges them to seek advice. We do not find that his prior litigation with the IRS, which has now settled, disables him from representing a class of investors; nor do we find that his disqualification as class counsel in *Gary Plastics Packing Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 119 F.R.D. 344, 348–349 (S.D.N.Y.1988) makes him an inadequate class representative here.

 Finally, we find no statute of limitations problems with class certification. Even if some investors were put on notice of the fraud before December 31, 1984, defendant was named in the *Roberts* complaint in October, 1985. This filing tolled the statute of limitations until March 1987, when defendant was dismissed from the case.

 In the prior dismissal motion, defendant argued that no tolling was available for class claims, citing *Robbin v. Fluor Corp.,* 835 F.2d 213 (9th Cir.1987).

The *Robbin* court relied on *Korweck v. Hunt,* 827 F.2d 884, 879 (2d Cir.1987) to hold that the tolling principle of *American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) does not apply to the subsequent filing of class action claims. The *Korweck* court cited an important reason for not applying the tolling rules to class claims: if tolling were allowed for subsequently filed class actions, plaintiffs who were previously denied class certification would be given "the opportunity to argue and reargue the question of certification by filing new but repetitive complaints." 827 F.2d at 879. Thus, the court barred application of tolling when a court has already made "a definitive determination of the inappropriateness of class certification." *Id.*

We find that *Robbin* and *Korweck* are inapplicable to this case. Though defendant was previously dismissed from the *Roberts* action, that dismissal had nothing to do with the propriety of class certification. Instead, we dismissed defendant because there was no transactional nexus between any named plaintiff and defendant. 670 F.Supp. at 1481. Thus, plaintiff Schur is not attempting to relitigate an unsuccessful class certification motion by filing a new claim against this defendant, since we have not made a class certification determination with respect to Friedman and Shaftan. Therefore, we find that class members are entitled to tolling, and individual statute of limitations problems are not likely to predominate in this litigation.

We find that all other elements of Rule 23 have been adequately plead. We hereby certify a class consisting of all investors, except defendants, in the Manhattan Partnerships as that term is defined in the complaint filed on December 31, 1987.

*2. Cohens v. Wichita Partnerships.*

 We find that the Cohens may represent investors from all the Wichita Partnership Units. In *Roberts,* we held that

**614**

named plaintiffs could represent investors in other partnerships within the same partnership group, even though the named plaintiffs did not invest in those partnership groups. 670 F.Supp. at 1490–1491, citing conspiracy and concerted scheme exceptions to *Le Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir.1973). In that same order, we certified a class of Wichita Partnership investors. We see no reason to depart from that ruling, though we include that Order's caveat that if after reasonable discovery plaintiffs do not demonstrate the existence of a conspiracy or concerted scheme, we may decertify the class. *Id.*

The claims may go forward against Mr. Krause and any other Wichita defendants, since the other requirements of Rule 23 have been met. Therefore, we certify a class of all investors, except defendants, who purchased interests in any of the Wichita partnerships as defined in plaintiffs' December 31 complaint.

*3. Cohens v. Penner.*

■ We agree with Penner that only Barton 1982 investors may sue Penner; there is no link between Penner and investors in other Wichita partnerships, since Penner only authored a tax opinion for that one partnership. Moreover, we agree that Penner has demonstrated substantial differences between his tax opinion and other opinions circulated to other Wichita investors, especially with regard to the risk that the IRS would disallow the tax deductions. Therefore, there are insufficient common questions of fact or law between Barton 1982 investors and other Wichita investors, since the other Wichita investors have no claim against Penner for authoring the tax opinion. We note plaintiffs' suggestion that Penner did more than authorize a tax opinion, but believe that plaintiffs have not yet demonstrated his participation in a conspiracy. If plaintiffs develop the facts to demonstrate a link between Penner and other Wichita investors, they may present a motion to enlarge the class against him.

All other requirements being met, we hereby certify a class of Barton 1982 investors to maintain this action against Penner.

IT IS SO ORDERED.

## SUPPLEMENTAL OPINION

Energy Associates is properly named as a defendant in this case based on the conspiracy and concerted scheme allegations which we have upheld in *Roberts v. Heim*, 670 F.Supp. 1466, 1497, ¶ 8 (N.D.Cal.1987). We also include Energy Associates as a defendant in the claims for which we certified a class in our above August 17 Order. We add the caveat that we included in our *Roberts* order: should plaintiffs fail to adduce sufficient evidence in favor of their conspiracy or concerted scheme allegations, the Court will reconsider the propriety of class certification.

IT IS SO ORDERED.