## In re CYPRESS SEMICONDUCTOR SECURITIES LITIGATION.

### PLACK

v.

### CYPRESS SEMICONDUCTOR, et al., Case No. C–94–20255 RPA.

### No. C–93–20048 RPA (PVT).

United States District Court, N.D. California.

Sept. 26, 1994.

George S. Trevor, Gold & Bennett, San Francisco, CA, for plaintiff Morris Plack.

Bruce G. Vanyo, Terry T. Johnson, Joanne R. Scully, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, for defendant Cypress Semiconductor.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

AGUILAR, District Judge.

Defendants move to dismiss Plaintiff Morris Plack's ("Plack") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion is GRANTED.

### BACKGROUND

Defendant Cypress Semiconductor Corporation ("Cypress") manufactures and sells microprocessor chips and components. In January 1992, Cypress announced disappointing fourth quarter earnings, causing a drop in the market price of its stock. The stock price drop in turn precipitated the filing of three class action complaints against Cypress and certain of its officers. In May 1993, the court consolidated the actions and appointed Gold & Bennett and the Law Offices of Joseph H. Weiss as co-lead counsel for the plaintiff class. The Consolidated Complaint alleges violations of Section 10(b), 20(a), and 20A of the Securities and Exchange Act and SEC Rule 10b–5, as well as supplemental state claims. The class period alleged extends from August 19, 1991 to April 14, 1992. On November 1, 1993, the court certified a class of all persons who purchased Cypress common stock during the class period and certified three plaintiffs as class representatives. On April 12, 1994, the court issued an order removing Gold & Bennett as co-lead counsel for the class.

Gold & Bennett filed the instant complaint on behalf of Plack on April 15, 1994, alleging violations of Sections 10(b), 20(a), 20A, and Rule 10b–5. Plack avers the same class claims for the same class period against the same defendants as alleged in *In re Cypress*.

Defendants move to dismiss the complaint in its entirety on the ground that Plack's 10(b) and Rule 10b–5 claims are time-barred and on the ground that his 20A claim fails to allege facts establishing that he has standing. Plack does not dispute that he fails to state a claim under Section 20A.

### LEGAL STANDARD

In ruling on a motion to dismiss, district courts must accept all material allegations of fact as true, and resolve all doubts in favor of the plaintiff. *Blake v. Dierdorff,* 856 F.2d 1365, 1368 (9th Cir.1988). The Court, however, need not accept legal conclusions asserted in the complaint even if plead as "facts". *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986). In addition, the court may dismiss the complaint as a matter of law for either of two reasons: (1) the lack of a cognizable legal theory, or (2) the pleading of insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533 (9th Cir.1984) (citations omitted). This court reviewed the allegations of plaintiff's complaint with these standards in mind.

### Discussion

#### 1. Section 10B Claim

Defendants contend that Plack's Section 10(b) and Rule 10b–5 claims are time-barred by the applicable one year limitations period. According to Defendants, Plack had notice of his claim no later than May 22, 1992, the date the *In re Cypress* Consolidated Complaint was filed, but did not file the instant suit until almost two years later on April 15, 1994. Plack counters that the limitations period has

been tolled because of the filing of the first Cypress complaint.

The filing of a class action tolls the running of the limitations period for a proposed class member's individual claims. *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). In *American Pipe*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554, 94 S.Ct. at 766. The impetus for this rule stems from policy concerns of preserving plaintiffs' rights and preventing needless litigation. Absent tolling for class members' individual claims, prospective plaintiffs and class members would be forced to intervene or to file their own suits as an insurance policy to protect against the failure of the putative class member to be certified. In eliminating interventions and suits which often turn out to be unnecessary, tolling promotes judicial economy. However, the Ninth Circuit and every circuit which has addressed the issue have declined to extend this tolling rule to subsequent class claims brought by members of the putative class. *Robbin v. Flour Corp.*, 835 F.2d 213, 214 (1987) (refusing to toll limitations for subsequently filed class claims); *Korwek v. Hunt*, 827 F.2d 874 (2d Cir.1987) (finding that policy considerations militate against extending tolling to class actions); *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir.1988) (pendency of previously filed class actions does not toll the limitations period for subsequent class actions by putative members of the original class). In refusing to extend the tolling doctrine to class actions, these courts recognized that the same concerns with preventing unnecessary multiple filings in connection with individual claims do not exist with respect to subsequent class claims.

Plack argues that there is a fundamental distinction between the *Robbin* line of authority and the instant case. *Robbin* and like cases all involved attempts to file new suits in order to seek reconsideration of a prior denial of class certification on the merits. In this case, on the other hand, class certification has been granted in a prior case. This difference is important, Plack contends, because the central concern in the *Robbin* cases of preventing plaintiffs from relitigating the class certification question does not apply here.

Plack's argument is unpersuasive. Although it is true that *Robbin* and similar cases from other circuits were specifically concerned with precluding attempts to reargue the denial of class certification, these cases stand for the more general proposition that limitations periods should not be tolled for the benefit of needless, "abusive" litigation. *See Korwek*, 827 F.2d at 879. The filing of a successive, identical class action qualifies as abusive regardless of whether class certification was granted or denied in an earlier case; both scenarios entail unnecessary duplication. A class action identical in scope to an earlier certified class action is unnecessary because the class members' claims are already being litigated in the earlier action. In this case, Plack is a member of the class previously certified in *In re Cypress*. His class action alleges the same claims against the same defendants for the same class period as in that case. The claims of the class members whom Plack desires to represent are in the process of being litigated by court-certified representatives and counsel. As such, suspending the limitations period to permit Plack's duplicative class claims to proceed would serve no purpose, but would only waste the resources of the court, the class and the defendants.

Plack relies on *Schur v. Friedman & Shaftan*, 123 F.R.D. 611 (N.D.Cal.1988) and *Shields v. Smith* [1992 Tr. Binder], Fed.Sec. L.Rep. (CCH) ¶ 97,001, 1992 WL 295179 (N.D.Cal. Aug. 14, 1992) for the proposition that the limitations period should be suspended for class actions where the plaintiff is not attempting to reargue a denial of class certification. These cases are of no help to Plack because their holdings are properly limited to their facts. In *Schur*, the plaintiff brought a class action against defendants who were dismissed from an earlier class action in which a class had been certified. The court held that the earlier class action tolled the limitations period for the subse-

quent class action because no class certification determination had been made with respect to the defendants named in the subsequent class action. In *Shields,* the court tolled the limitations period to permit a class action to proceed after declining to certify a previous class action because the class representative was inadequate. The court reasoned that no definitive determination had been made as to the appropriateness of class certification and that class treatment was the best way to resolve the case. *Schur* and *Shields* thus involved situations where no class certification determination had been made and class claims were in jeopardy of being completely lost unless the limitations period was tolled. By contrast, a prior class certification determination has been made in this case and no class claims will be lost in the event Plack's class action is not allowed to proceed.

Finally, Plack's argument that the dispositive question for tolling purposes is whether a plaintiff is attempting to relitigate an adverse class certification ruling is disingenuous. Plack admits in his opposition that this action was filed in response to this Court's order removing Plack's counsel, Gold & Bennett, as co-lead counsel in *In re Cypress.* As merely a mechanism to get Gold & Bennett back into *In re Cypress,* Plack's class action is, in fact, an attempt to circumvent a court order.

In sum, the Court finds that Plack's class action is timebarred under the non-tolling rule applicable to subsequent class actions set forth in *Robbin.* Plack's class action complaint is hereby dismissed with prejudice.

### 2. *Section 20A Claim*

■ Liability for insider trading under Section 20A of the Securities and Exchange Act requires that the trading activity of plaintiffs and defendants take place "contemporaneously". *See In re Verifone,* 784 F.Supp. 1471, 1476 (N.D.Cal.1992). Because Plack concedes that he cannot allege a purchase of stock contemporaneous with a sale by a defendant, his Section 20A claim is dismissed with prejudice.

### CONCLUSION

1. Plack's class claims under Section 10(b) and Rule 10b–5 are dismissed with prejudice.

2. Plack's Section 20A claim is dismissed with prejudice.

IT IS SO ORDERED.