### In re WESTINGHOUSE SECURITIES LITIGATION.

### Civil Action Nos. 91–354, 97–309.

United States District Court, W.D. Pennsylvania.

Nov. 17, 1997.

David J. Manogue, Howard A. Specter, George G. Mahfood, Specter Law Offices, Pittsburgh, PA, Deborah R. Gross, Law Offices of Bernard M. Gross, Philadelphia, PA, Arthur N. Abbey, Joshua N. Rubin, Abbey, Gardy & Squitieri, New York, NY, Michael P. Malakoff, Malakoff, Doyle & Finberg, Pittsburgh, PA, Alfred G. Yates, Nita M. Fandray, Law Offices of Alfred G. Yates, Pittsburgh, PA, Jules Brody, Melissa R. Emert, Stull, Stull & Brody, New York, NY, Richard D. Greenfield, Mark C. Rifkin, Donald P. Alexander, Greenfield & Rifkin, Haverford, PA, for Plaintiffs.

James D. Morton, Arthur J. Schwab, Mark D. Shepard, Stanley Yorsz, Thomas L. Van Kirk, Buchanan, Ingersoll, Leonard Fornella, John H. Riordan, Jr., Polito & Smock, J. Tomlinson Fort, Reed, Smith, Shaw & McClay, Joseph A. Katarincic, Eugene Illovsky, Katarincic & Salmon, Vanessa J. Brown, Westinghouse Elec. Corp., Pittsburgh, PA, Dennis J. Block, Stephen A. Radin, Mary Lou Peters, Weil, Gothal & Manges, Robert E. Zimet, Peter Overs, Susan L. Saltzstein, William J. Sushon, Skadden, Arps, Slate,

Meagher & Flom, New York, NY, Frank Cicero, Jr., Robert J. Kopecky, Jeffrey L. Willian, Anne J. McClain, Kirkland & Ellis, Chicago, IL, Rodman W. Benedict, Price Waterhouse, New York, NY, for Defendants.

Randall C. Schauer, MacElree, Harvey, Gallagher, Featherman & Sebastian, West Chester, PA, for Movant.

## MEMORANDUM OPINION AND ORDER

D. BROOKS SMITH, District Judge.

In this complex and protracted securities fraud litigation, William L. Schwartz has recently filed a class action complaint against Westinghouse Electric Corp., its subsidiaries, its underwriters and its auditors, as well as a number of individual officers and directors associated with Westinghouse (No. 97–309, dkt. no. 1). Before the court are the motions of Westinghouse, the underwriters and the auditors to dismiss the complaint, docketed in the lead *Westinghouse* case at no. 91–354 as pleading numbers 239/254, 238, and 243, respectively. For the following reasons, the motions are granted.

### I.

As this case enters its seventh year of litigation, I consider it unnecessary to reiterate either its detailed factual background or its tortuous procedural history, the latter of which presently spans some 273 docket entries and has been set forth already by both this court and the Court of Appeals for the Third Circuit. *See In re Westinghouse Securities Litig.*, 832 F.Supp. 948 (W.D.Pa.1993), *aff'd in part and rev'd in part*, 90 F.3d 696 (3d Cir.1996). Suffice it to say that, in 1991, the lead plaintiffs filed this action on behalf of themselves and a class of persons who purchased Westinghouse stock between March 28, 1989 and October 22, 1991 through a public offering. They alleged that some or all defendants committed securities fraud in violation of sections 10(b) and 20 of the 1934 Securities Exchange Act, sections 11, 12(2) and 15 of the 1933 Securities Act, and the tort of negligent misrepresentation under state law.

In 1993, I dismissed the plaintiffs' complaint, most of it with prejudice. *Westinghouse*, 832 F.Supp. at 989. I dismissed count 1 and part of count 6, however, with leave to amend. Count 1 involved the plaintiffs' section 10(b) and 20 allegations, while count 6 contained plaintiffs' negligent misrepresentation claim. Plaintiffs amended their complaint, but included all the claims that had been dismissed with prejudice. I again dismissed it on January 20, 1995, this time with leave to amend count 1. I concluded that the complaint failed to satisfy Fed.R.Civ.P. 12(b)(6) (failure to state a claim upon which relief can be granted), Rule 9(b) (failure to plead allegations of fraud with sufficient particularity), and Rule 8(a)(2) (failure to make a short and plain statement of the claim). Plaintiffs then chose to stand upon their complaint and appeal from my ruling, rather than amend the complaint in accordance with this court's directive and defer their appeal until after a final determination on the merits. I subsequently dismissed count 1 with prejudice and closed the case. Plaintiffs' motion for class certification was accordingly dismissed as moot.

On appeal, the Third Circuit reversed the dismissal of certain portions of counts 1, 2 and 3, and remanded those for further proceedings on the merits. Those proceedings are currently ongoing. The court affirmed, however, my with—prejudice dismissal of count 1 under Rule 8, noting:

> The second amended complaint is unnecessarily complicated and verbose. The text of the complaint rambles for more than 600 paragraphs and 240 pages, including a 50–plus page "overview" of the alleged wrongful conduct. The district court, through two rounds of difficult motions, had narrowed plaintiffs' claims. The court then ordered plaintiffs to submit a third amended complaint containing only those allegations relevant to what were, in the court's view, the remaining viable claims. This does not seem to us to constitute an abuse of discretion; indeed, it makes a tremendous amount of sense.

*Westinghouse*, 90 F.3d at 703.

There the matter would have remained, but for the entry of one William L. Schwartz. Represented by the same counsel as the plaintiffs in the lead *Westinghouse* case, Schwartz filed a complaint on behalf of himself and the same class of plaintiffs, in which he alleged essentially the same claims that the lead *Westinghouse* plaintiffs abandoned when they chose to stand on their complaint and take their appeal, as well as the claims that remained for disposition in light of the Third Circuit's decision. The defendants filed motions to dismiss this new complaint, asserting that the *Schwartz* claims are untimely and barred by the doctrine of judicial estoppel. They are also seeking the imposition of sanctions under the Private Securities Litigation Reform Act of 1995. These motions are now ripe for disposition.

## II.

### A.

■ The statute of limitations for the securities fraud claims alleged here is one year from the time the plaintiff discovers the facts constituting the violation, and, in any event, within three years after the violation takes place, whether discovered or not. *Lampf Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 364, 111 S.Ct. 2773, 2782–83, 115 L.Ed.2d 321 (1991). The allegedly fraudulent conduct at issue in this case occurred in 1990 and 1991, and thus would ordinarily be time-barred. Schwartz, however, argues that the pendency of the lead *Westinghouse* case, brought as a class action without a class ever being certified, tolled the statute of limitations under the doctrine set forth by the Supreme Court in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), and *Crown Cork & Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Schwartz's reliance on that doctrine is misplaced.

In *American Pipe,* the State of Utah filed an antitrust class action just eleven days short of the running of the statute of limitations, but the district court later denied class certification because the numerosity requirement of Fed.R.Civ.P. 23(a)(1) was not satisfied. Eight days after that denial, certain municipal entities which had been members of the proposed class filed motions to intervene. The district court denied intervention, believing that the statute of limitations had run on those claims. A unanimous Supreme Court disagreed, holding that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554, 94 S.Ct. at 766. Because the clock only began to run anew when the district court denied class certification, and because there were eleven days left on it when Utah filed the original action, the municipal plaintiffs' intervention motion filed eight days after the decertification order was timely. *Id.* at 561, 94 S.Ct. at 770.

The Supreme Court refined and extended this doctrine in *Parker,* in which two plaintiffs filed a Title VII class action against the defendant. Subsequently, another individual, Mr. Parker, who was a member of the putative class, filed an EEOC charge and received a "right to sue" letter. After the statute of limitations had run on Parker's individual claim, the district court denied class certification for lack of typicality, numerosity and adequate representation; he then filed his own, separate Title VII action. The Supreme Court held that "[t]he filing of a class action tolls the statute of limitations as to all asserted members of the class, not just as to intervenors." *Id.* at 350, 103 S.Ct. at 2396 (citation and internal quotation marks omitted). Justice Powell, however, expressed caution, opining that "[t]he tolling rule of *American Pipe* is a generous one, inviting abuse." *Id.* at 354, 103 S.Ct. at 2398 (Powell, J., concurring).

Both *American Pipe* and *Parker* involved subsequent *individual* actions filed in the wake of the district courts' denials of class certification. In the matter before me, Schwartz argues that this tolling doctrine is equally applicable to a successive class action as well. I cannot agree. As early as 1988, the Sixth Circuit noted that "[t]he courts of appeals that have dealt with [this] issue ap-

pear to be in unanimous agreement that the pendency of a previously filed class action does not toll the limitations period for additional class actions by the putative members of the original asserted class." *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir.1988) (citing *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987); *Salazar–Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir.1985); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir.1987)); *see also Smith v. Flagship Int'l*, 609 F.Supp. 58, 64 (N.D.Tex. 1985); *Burns v. Ersek*, 591 F.Supp. 837, 842 (D.Minn.1984). Numerous other courts have since agreed with the Sixth Circuit. *See Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir.1994); *In re Cypress Semiconductor Securities Litig.*, 864 F.Supp. 957, 959 (N.D.Cal.1994); *Fleck v. Cablevision VII Inc.*, 807 F.Supp. 824, 826 (D.D.C.1992); *In re Quarterdeck Office Sys. Inc. Securities Litig.*, No. 92–3970, Fed Sec. L. Rep. (CCH) ¶ 98,190, 1994 WL 374452, *34 (C.D.Cal. Mar.24, 1994) (dicta).

The rationale of these courts is clear, uniform and persuasive. "[P]utative class members may [not] piggyback one class action onto another and thus toll the statute of limitations indefinitely ...." *Korwek*, 827 F.2d at 878 (quoting *Salazar–Calderon*, 765 F.2d at 1351); *accord Griffin*, 17 F.3d at 359 (quoting *Salazar–Calderon*, 765 F.2d at 1351, and declining to permit plaintiffs to "engage in endless rounds of litigation"). As the *Flagship* court opined, a contrary rule

> would allow the attorney for a class to revive the class claims upon denial of certification by simply refiling a new class action using a different putative class member as representative. The attorney would be able to bring a potentially endless succession of class actions, each tolling the [statute of limitations] for its successor. Such a rule would frustrate the principal purpose of the class action procedure— promotion of efficiency and economy of litigation.

609 F.Supp. at 64 (citation and internal quotation marks omitted). That is precisely what is happening in the case *sub judice*.

The named plaintiff, Schwartz, is represented by the same counsel who represented the plaintiffs in the lead *Westinghouse* case. There, counsel made a conscious, tactical decision to abandon certain claims and seek an immediate appeal rather than attempt to replead. That decision produced bitter fruit when the Third Circuit affirmed the dismissal of those claims. Counsel, through the expedient of a new, named plaintiff, now attempts to reassert those same claims here. An interpretation of the *American Pipe* tolling doctrine that would permit such abusive manipulations years after the original action was filed should not be countenanced; indeed, it appears to fall precisely within Justice Powell's cautionary admonition in *Parker*, an admonition taken to heart either explicitly or implicitly by the courts cited *supra*. Absent controlling authority, I decline to adopt a rule that, as Westinghouse puts it, "give[s] counsel in any uncertified class action *carte blanche* to make any tactical decisions they like ... without any risk whatsoever." Westinghouse brief at 12–13. *See Nelson v. County of Allegheny*, 860 F.Supp. 1080, 1083 (W.D.Pa.1994), *aff'd*, 60 F.3d 1010 (3d Cir. 1995).

Schwartz, or more accurately, his counsel, argues that the statute of limitations should nevertheless be tolled. Defendants' reliance on the above cases is misplaced, he argues, because it "is premised on the fundamentally flawed assumption that this court in [*Westinghouse*] definitively resolved that that action could not proceed as a class action." Schwartz brief at 1. According to Schwartz, those "rulings ... only apply where a new class suit was filed in order to seek reconsideration of a prior, *definitive* denial of class certification[,]" *id.* at 5 (emphasis modified), whereas here, class certification was merely denied as moot. This argument is flawed.

Schwartz relies first on language from the *Korwek* opinion, wherein the court states that the *American Pipe* tolling doctrine "was not intended to be applied to suspend the running of the statute of limitations for class action suits filed after a definitive determination of class certification...." 827 F.2d at 879. In *Korwek*, the district court had certi-

fied a limited class, but plaintiffs filed a separate action alleging the same operative facts and legal theories, and reasserting a much broader class. The court held that this attempt to re-litigate the class certification issue was time-barred. *Id.* It is true that the *Korwek* court never addressed the situation in this case, where not only the class certification but indeed the whole case was dismissed. Yet, it is beyond cavil that the dismissal of an entire civil action is about as "definitive" a disposition of a motion for class certification as one is likely to find.

Schwartz also cites *Trief v. Dun & Bradstreet Corp.,* 144 F.R.D. 193 (S.D.N.Y.1992), in support of his argument, but that case is easily distinguishable. There, plaintiffs sued on behalf of a class consisting of all persons who purchased the defendant's stock during a three-year period. Defendant conceded that the case was appropriate for class certification, *id.* at 198, but contended, *inter alia,* that the named plaintiffs were not adequate to represent the interests of ·class members who purchased their shares late in the class period. In response, and before the court decided the motion for class certification, plaintiffs filed a motion for another person to intervene as plaintiff to represent those interests. *Id.* at 202. The court granted the motion, noting that the policy concerns about piggybacking one class action onto another did not apply in that context. *Id.* at 202–03. Neither class certification nor the underlying complaint had ever been denied or dismissed, and there was thus no danger of relitigating decided issues.

Nor is *In re Crazy Eddie Securities Litig.,* 802 F.Supp. 804, 813 (E.D.N.Y.1992), helpful to Schwartz. There, the district court initially certified a class, but, after discovery had closed and motions for summary judgment had been filed, concluded that the named plaintiffs could not adequately represent the claims of class members who alleged common law fraud because the named plaintiffs could not make out the element of reliance. *Id.* at 813. It thus granted summary judgment to defendant, but noted in dicta that the statute would be tolled for persons who wished to bring individual or class actions alleging common law fraud. The court opined that "[i]n such a case a second class action would not be an attempt to relitigate the question of class certification by making repetitive claims." *Id.*[1]

That holding makes sense because, in *Crazy Eddie,* persons who held colorable claims for fraud could well have relied on the pendency of the already-certified class action to protect their interests, rather than opting-out of the class. When it was determined that the named plaintiff could not represent the class, it would have been unfair to hold the former class members' claims time-barred. Here, in contrast, no class was ever certified, so the reasonable reliance present in *Crazy Eddie* is absent. *See also Quarterdeck,* 1994 WL 374452, *3–*5 (distinguishing the situation where the class representative is found inadequate from the general non-tolling rule for class actions discussed in *Robbin, Korwek,* and *Flagship,* which "involved either an attempt to file an entirely separate class action lawsuit after the dismissal of an earlier action, or an attempt to bring a later class action after the court had determined that proceeding as a class action was an inappropriate method of resolving the lawsuit").

The same is also true of *Schur v. Friedman & Shaftan, P.C.,* 123 F.R.D. 611 (N.D.Cal.1988), where the defendant in the second class action had been dismissed from the first because, while the first case had been considered appropriate for certification as to other defendants, "there was no transactional nexus between any named plaintiff and defendant[ ]" in the second action. *Id.* at 613. Thus, as in *Crazy Eddie,* the plaintiffs in the second action would have been unfairly prejudiced absent tolling. That reasoning has no application to this case, where I dismissed the entire *Westinghouse* complaint on its merits.

Accordingly, I hold that Schwartz's class action is time-barred.

---

**1.** A similar holding was reached by *Shields v. Smith,* No. 90–349, Fed Sec. L. Rep. (CCH) ¶ 97,-001, 1992 WL 295179 (N.D.Cal. Aug. 14, 1992), and my observations apply equally to Schwartz's reliance on that case.

### B.

To the extent that Schwartz asserts claims in his individual capacity, they are time-barred as well.[2] Although the *American Pipe* tolling doctrine is available for individual claims, that tolling extends only until the district court denies class certification, not during the pendency of an appeal from that decision. *Nelson v. County of Allegheny,* 60 F.3d 1010, 1012–13 (3d Cir.1995). When the district court denies certification, "class members cannot reasonably rely on the existence of the suit to protect their rights, and they must timely assert claims in their individual capacities." *Nelson v. County of Allegheny,* 860 F.Supp. 1080, 1084 (W.D.Pa.1994), *aff'd,* 60 F.3d 1010 (3d Cir. 1995).

Here, class certification was denied, and the complaint dismissed on the merits, on January 20, 1995. Yet, the *Schwartz* complaint was not filed until February 19, 1997. Schwartz responds with the "definitive determination" argument he makes earlier: because the class action dismissal in *Nelson* was based on an "incurable procedural default[,]" specifically the failure to move for class certification within the 90–day time period then prescribed by Local Rule 34(c), *Nelson* is inapposite here because class certification in *Westinghouse* was merely denied as moot. This is a distinction without a difference. · Regardless of the reason why a class was not certified, the order denying certification and dismissing the complaint was a final order. It fully apprised all putative class members that they could no longer rely on the pendency of the class action and would have to seasonably file their own, individual claims.

Accordingly, to the extent Schwartz seeks to prosecute his claims as an individual, they are untimely and will be dismissed with prejudice.

### III.

Defendants also urge this court to find that Schwartz's claim is barred by judicial estoppel, as developed by *Scarano v. Central R.R. Co.,* 203 F.2d 510 (3d Cir.1953), and its progeny. *See, e.g., Ryan Operations G.P. v. Santiam–Midwest Lumber Co.,* 81 F.3d 355 (3d Cir.1996). That doctrine exists to protect the integrity of the judicial process by preventing litigants. from "playing fast and loose with the courts" by later adopting a position contrary to the one they took in the same or an earlier proceeding. *Id.* at 358. "[A]bsent a good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Id.* (quoting 18 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice & Procedure* § 4477, at 782 (1981)). That is precisely what is happening here. Plaintiffs' counsel made a deliberate choice to risk abandoning certain theories when they stood on the *Westinghouse* complaint and took an immediate appeal. Now, with a new named plaintiff, counsel are attempting to resurrect those same claims.

Citing *Ryan,* however, Schwartz argues that judicial estoppel cannot be applied against him because, due to the lack of class certification, he was not a party to the lead *Westinghouse* proceedings. In *Ryan,* however, the Third Circuit stated that privity is not a requirement for the application of judicial estoppel, allowing a defendant which was not a party to the earlier bankruptcy action to assert it against the plaintiff in the later breach of warranty case. 81 F.3d at 361. Still, the plaintiff taking the inconsistent positions was the same in both proceedings, and defendants have cited no authority for the proposition that judicial estoppel may be applied against counsel, as opposed to parties, who take inconsistent positions. Because the *Schwartz* complaint is being dismissed as time-barred, I need not resolve this issue.

### IV.

Finally, because this complaint was filed after the enactment of the Private Securities Litigation Reform Act of 1995, I am required to make findings regarding whether plaintiff has complied with the requirements of Fed.R.Civ.P. 11(b). 15 U.S.C. § 78u–4(c)(1). Rule 11(b)(2) requires, in pertinent

---

**2.** Thus, even if *American Pipe* tolling were applicable to subsequently filed class actions, this class action would still be untimely.

part, that the attorney reasonably believe after making inquiry that the complaint's "claims ... and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law [.]"

Regarding Schwartz's argument that the *American Pipe* doctrine permits tolling for subsequently filed class actions, I find it non-frivolous. There was no binding authority against that position, and indeed some authority from which a colorable argument could be made in support. As to the issue of tolling for individual actions and whether it runs through the disposition of the appeal, the issue is closer, as *Nelson* was binding authority against Schwartz's position. On the other hand, there was no controlling authority against his argument that *Nelson* applied only in the face of a "definitive determination" against class certification. I decline to find plaintiff's position a frivolous one.

### V.

The original and amended *Schwartz* complaints will be dismissed with prejudice.[3]

---

3. In response to the underwriter defendants' motion to dismiss, Schwartz filed an amended complaint. This opinion and order disposes entirely of both complaints.